

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 1, 1972

Honorable Alton R. Griffin
County Attorney
Lubbock County Courthouse
Lubbock, Texas 79401

Dear Mr. Griffin:

Opinion No. M-1254

Re: Whether a "riding lawn mower" may be considered an "implement of husbandry" under Article 6675a-1 (r), V.C.S.?

You have requested our opinion on the question of whether a four-wheel, motor-driven lawn mower is an implement of husbandry as defined in Article 6675a-1 (r), Vernon's Civil Statutes, and thus exempt from motor vehicle registration under the terms of Article 6675a-2 (b).

You have provided two factual situations, which are, and we quote:

(1) "An unlicensed driver, age 11 years, was operating a 4-wheel 'torro' lawn mower on the public highway. He was mowing the grass growing on the State right-of-way of Loop 388 within the City Limits of Shallowater, Texas. The driver was mowing on the State right-of-way at the request of his father who owns a mobile home on the adjoining property."

(2) "The other fact situation includes those contract lawn workers who drive upon the public highways from one 'lawn job' to another. These drivers are licensed drivers, but the lawn mowers are unregistered."

The applicable statutory provisions are as follows:

Article 6675a-1 (a) and (b):

"(a) 'Vehicle' means every device in, or by which any person or property is or may be transported or drawn

-6134-

upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks."

"(b) 'Motor Vehicle' means every vehicle, as herein defined, that is self-propelled."

Article 6675a-2 (b):

"(b) Owners of farm tractors, farm trailers and farm semi-trailers with a gross weight not exceeding four thousand (4,000) pounds, and implements of husbandry operated or moved temporarily upon the highways shall not be required to register such farm tractors, farm trailers, farm semi-trailers and implements of husbandry."

Article 6675a-1 (r):

"(r) 'Implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck."

Article 6675a-1 (q):

"(q) By 'operated or moved temporarily upon the high- ways' is meant the operation of conveying between different farms, between a place of supply or storage to farms and return, or from an owner's farm to the place where his farm produce is prepared for market or where same is actually marketed and return."

There is no question that a four-wheel riding lawn mower comes within the statutory classification of "Vehicle" and "Motor Vehicle." However, the question of whether the four-wheel riding lawn mower is an "implement of husbandry" necessitates additional considerations.

The Texas Supreme Court, prior to enactment of the statutory definition of "implement of husbandry" quoted above, in Allred v. J. C. Engelman, Inc., 123 Tex. 205, 61 S. W. 2d 75 (1933), 91 ALR 417, construed the exemptions of Article 6675a-2 as follows:

> "The Legislature evidently had in mind that it was impossible to anticipate and expressly describe every motor vehicle whose particular design and use would make of it an implement of husbandry. It did name the ones that readily come to mind as implements of husbandry, and it was evidently intended by the Legislature that what other vehicles that might be implements of husbandry could be well left to the facts of any particular case, and it was obviously for this reason that the general term 'implements of husbandry' was added. It is clear that the purpose of the legislation was to exempt from registration all motor vehicles primarily designed and used for agricultural purposes, temporarily using the highways." 123 Tex. at 210, 211, 61 S. W. 2d at 78. [Emphasis added.]

The Court, upon an agreed statement of facts detailing the design and use of the vehicles in question, held that a water truck designed for the sole purpose of carrying water for irrigation and a gasoline carrier truck designed and used for the sole purpose of providing gasoline to tractors in the orchards and fields were "implements of husbandry (agriculture)." It is important to note that, as to the gasoline trucks, the Court said, "While they might conceivably be put to other uses, they were designed primarily and used exclusively for agricultural purposes." More important, however, is the test which the Court applied in arriving at its holding, we quote:

> "From the agreed statement of facts there is no question but that all the vehicles mentioned in the pleadings are being used exclusively for the purpose of making the particular tract of land more productive of the particular crops to which it is adapted. We are satisfied that the vehicles here in question were both primarily designed and used as implements of agriculture." 123 Tex. at 211, 61 S. W. 2d at 78. [Emphasis added.]

It is fundamental then, that whether a vehicle is an "implement of husbandry" must be determined by the primary design and primary use or purpose to which the vehicle is put and turns on the "facts of any particular case."

The Court in Hickman v. Hickman, 149 Tex. 439, 234 S. W. 2d 410 (1950), a proceeding by the surviving wife to set aside exempt property of the decendent's estate, held that a combine and two trailer chassis were implements of husbandry. The holding was based on the undisputed testimony that the combine was used as a thrasher to replace an old binder and the two trailer chassis were "to be used to carry cotton to the gin" and for "any use you would make for a four-wheel trailer on a farm or ranch." The factual test of primary design and primary use is implicit in this holding.

In Reaves v. State, 121 Tex. Crim. 488, 50 S. W. 2d 286 (1932), the Court construed the meaning of "implements of husbandry" in the context of the exception contained in Article 827 (a), Section 3 (a), V. A. P. C., exempting implements of husbandry temporarily propelled or moved upon the public highways from the length limitations placed upon motor vehicles by that provision of the penal code. The Court defined the phrase thusly, at page 287:

> "An implement of husbandry is something necessary
> to the carrying on of the business of farming, etc.,
> without which the work cannot be done. 31 Corpus
> Juris, p. 256."

In Attorney General's Opinion No. V-892 (1949), we concluded that:

> "If, as a matter of fact, a machine is used solely for
> the purpose of drilling water wells for irrigation and
> farm purposes, we conclude that such a machine is an
> implement of husbandry within the meaning of the
> registration statutes." [Emphasis added.]

The factual test of primary design and primary use is implicit in that holding.

Of further significance is the meaning of the terms "farm" and "agricultural purposes." A "farm" is defined in Gordon v. Buster, 113 Tex. 382, 257 S. W. 220 (1923), as:

> "... a tract of land chiefly under cultivation. While
> it is in this sense that the word is most frequently used,
> yet, as we have seen in its general scope and significance
> it means any tract of land used for the production of crops
> or the rearing of animals."

The phrase "agricultural purposes" and "agriculture" as defined by Webster's Dictionary was recognized and adopted in McNeely v. State, 50 Tex. Crim. 279, 96 S.W. 1083 (1906). "Agriculture" is defined as the:

> "art or science of cultivating the ground, including
> harvesting of crops and rearing and management of
> livestock; tillage; husbandry; farming; in a broader
> sense, the science and art of the production of plants
> and animals useful to man, including to a variable
> extent the preparation of these products for man's use."

The words "agricultural purposes" are descriptive of the nature of the use to which the land is put. People v. City of Joliet, 321 Ill. 385, 152 N.E. 159 (1926). There is nothing inherent in the design of a four-wheel riding lawn mower that dictates the conclusion that it is primarily designed for agricultural purposes. We are not dealing with a combine, hay bailer or machine of similar design. On considerations of design only we may say that a four-wheel riding lawn mower may be an "implement of husbandry."

But, as in the case of vehicles such as trailer chassis, the use to which the vehicle is put becomes the determinative factor where the inherent nature of the vehicle design is such that the vehicle may be used for agricultural as well as non-agricultural purposes. The primary use of a vehicle for "agricultural purposes" dictates that the vehicle be classed as an implement of husbandry.

The second factual situation you present contains the following elements:

(1) the four-wheel riding lawn mower is used to mow the grass on residential lots;

(2) the four-wheel riding lawn mower is driven by an independent contractor upon the public highways in going from one "lawn job" to another.

Applying the primary use test, we are persuaded that the mowing of grass on a residential lot is not use of the subject vehicle for "agricultural purposes," as that term is herein defined. A four-wheel riding lawn mower so used is not an "implement of husbandry" within the statutory definition nor the applicable cited case law , and therefore not exempt from registration under Article 6675a-2 (a), V.C.S.

The first factual situation is more difficult to resolve. Article 6675a-2, being of a penal nature, must be construed most favorably to the owner of the vehicle. Texas Highway Department v. Kimble County, 239 S.W.2d 831 (Ct.Civ.App. 1951, error ref. n.r.e.). The statute speaks of operations upon the public highways. Further, Section (a) thereof contains a proviso that reads:

> "... provided, that where a public highway separates
> lands under the dominion or control of the owner [of a
> motor vehicle], the operation of such a motor vehicle
> by such owner, his agent or employee, across such
> highway shall not constitute a use of such motor vehicle
> upon a public highway of this State." [Emphasis added.]

It is our opinion that the basic intent of the Legislature is to require registration of motor vehicles used or to be used upon the public highways, except where use and enjoyment of land under dominion and control of the owner of the motor vehicle is potentially impaired by reason of the public highway separating the land. Use of a riding lawn mower by the owner thereof to mow the grass upon his property as well as that upon the grassy portion adjacent to his property and the public highway, does not, in our opinion, constitute use of a motor vehicle upon the public highway within the purview of the statute. The statutes do not expressly speak to the situation, but to hold otherwise, would in our opinion be against the spirit and intent of the Legislature. We therefore hold that use of a four-wheel riding lawn mower by the owner thereof to mow the grassy right-of-way adjoining his property is not use upon the public highways of this State by a motor vehicle requiring that the four-wheel riding lawn mower be registered under Article 6675a-2.

## SUMMARY

A four-wheel riding lawn mower used by an independent contractor to mow the grass on residential lots is not an "implement of husbandry" within the meaning of Article 6675a-1 (r), V.C.S.

Use of a four-wheel riding lawn mower by the owner thereof to mow the grassy right-of-way adjoining his property is not use upon the public highways of this State by a motor vehicle requiring that the four-wheel riding lawn mower be registered under Article 6675a-2, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rex H. White, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Linward Shivers
Lewis A. Jones
Herschel T. Moore
Ben Harrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant