(Nos. 45295, 45351 cons.)
NORTH SHORE SANITARY DISTRICT, Appellee, v.
THE POLLUTION CONTROL BOARD *et al.*—
(League of Women Voters of Illinois *et al.*, Appellants.)

*Opinion filed September 25, 1973.*

WILLIAM J. SCOTT, Attorney General, of Springfield
(JOSEPH V. KARAGANIS, HARVEY M. SHELDON and
RICHARD W. COSBY, Assistant Attorneys General, of
counsel), for appellant Environmental Protection Agency.

RICHARD M. KATES, of Chicago, for appellant League of Women Voters of Illinois.

MURRAY R. CONZELMAN, of Waukegan, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Complaints were filed with the Illinois Pollution Control Board (Board) charging the North Shore Sanitary District (District) with, among other things, polluting the waters of Lake Michigan by discharging into the lake inadequately treated effluent. The Illinois Environmental Protection Agency was granted leave to intervene. The complaints were consolidated for hearing before the Board, and on March 31, 1971, the Board entered its order, which contained extensive findings of fact and ordered the District "to cease and desist from polluting the waters of Lake Michigan and the waters of the Skokee Drainage District to the extent reasonably possible until the construction of additional facilities which are required hereunder." On this appeal we are concerned primarily with paragraph 3 of the Board's order which provides as follows:

> "The District is hereby ordered under Section 46 of the Environmental Protection Act to issue general obligation or revenue bonds, after July 1, 1971, in the amounts necessary to complete the proposed expansion of its treatment facilities in accordance with its proposed expansion program ***. Under this order the District is hereby authorized to issue such bonds up to the amount of $50 million; ***."

The District had previously issued $35,000,000 in bonds and its present bonded indebtedness approaches 5% of the value of the taxable property within the District.

The District petitioned for review of the Board's decision under the Administrative Review Act. (Ill. Rev. Stat. 1969, ch. 110, par. 264 *et seq.*) The petition for administrative review was filed in the Appellate Court for

the Second District pursuant to section 41 of the Environmental Protection Act. (Ill. Rev. Stat. 1971, ch. 111½, par. 1041.) The appellate court held that the Board does not have authority to order the District to issue general-obligation or revenue bonds without a referendum. The appellate court found, however, that since the District does not have sufficient funds on hand to comply with the Board's order to abate pollution, section 46 of the Environmental Protection Act does authorize the District to issue bonds without a referendum for this purpose. The appellate court held that section 46 of the Environmental Protection Act incorporated by reference the 5% limitation on indebtedness of a municipal corporation which was contained in section 12 of article IX of the Illinois constitution of 1870. The appellate court further held that the 5% limitation on indebtedness contained in section 9 of the Sanitary District Act of 1911 (Ill. Rev. Stat. 1969, ch. 42, par. 285) was also applicable to this case. The judgment of the appellate court affirmed the order of the Pollution Control Board except as to the portions of the order which directed the District to issue bonds up to $50 million or as to any portion of the order which would be interpreted as authorizing the District to issue bonds in excess of the 5% debt limitation. The appellate court remanded the cause to the Pollution Control Board for the purpose of making modification in its order consistent with the appellate court's opinion (5 Ill. App. 3d 1050). We granted the Environmental Protection Agency and the League of Women Voters of Illinois leave to appeal. The District has not cross-appealed and has not in this court disputed the correctness of the appellate court's rulings which were adverse to its contentions in the petition for administrative review.

Section 46 of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1046) provides:

"Any municipality or sanitary district which has been directed by an order issued by the Board or by a Court of

competent jurisdiction to abate any violation of this Act or of any regulation adopted thereunder shall *** take steps for the acquisition or construction of such facilities *** as may be necessary to comply with the order. The cost *** shall be paid out of funds on hand available for such purposes, or out of the general funds of such municipality or sanitary district not otherwise appropriated.

If funds on hand or unappropriated are insufficient for the purposes of this section, the necessary funds shall be raised by the issuance of either general obligation or revenue bonds. If the estimated cost of the steps necessary *** to comply with such order is such that the bond issue, necessary to finance such project, would not raise the total outstanding bonded indebtedness of such municipality or sanitary district in excess of the limit imposed upon such indebtedness by the Constitution of the State of Illinois, the necessary bonds may be issued as a direct obligation of such municipality or sanitary district ***. No election or referendum shall be necessary for the issuance of bonds under this section.

\* \* \*

The Attorney General shall enforce this provision of the act by an action for mandamus, injunction, or other appropriate relief."

Section 9 of the Sanitary District Act of 1911 (Ill. Rev. Stat. 1969, ch. 42, par. 285) provides:

"The corporation may borrow money for corporate purposes and may issue bonds therefor, but shall not become indebted, *** to an amount in the aggregate to exceed 5 per centum of the value of taxable property therein ***.

*** the corporation may borrow money for corporate purposes and may issue bonds therefor without holding an election or referendum upon the question, if the corporation or the board of trustees thereof had been directed by an order issued by a court of competent jurisdiction or by an administrative agency of the State of Illinois *** to abate its discharge of untreated or inadequately treated sewage, and such borrowing is deemed necessary by the board of trustees of the Sanitary District to make possible compliance with such order."

We agree with the appellate court that neither under section 46 of the Environmental Protection Act nor under section 9 of the Sanitary District Act of 1911 is authority conferred upon the Board to order the issuance of bonds. (See *Ruth v. Aurora Sanitary Dist., 17 Ill.2d 11, 20.*) The Board has the authority to order the abatement of pollution practices. (Ill. Rev. Stat. 1971, ch. 111½, par. 1033.) The statute provides the conditions under which bonds shall be issued to comply with the order. The second paragraph of section 46 provides that if the funds on hand and unappropriated are insufficient to comply with the abatement order, the necessary funds *shall* be raised by the issuance of bonds without a referendum. The Board in our case ordered an abatement of the pollution practices. The District was then compelled to act by and pursuant to the provisions of section 46. The part of the Board's order ordering the issuance of bonds was superfluous and did not affect the validity of the remainder of the order.

We do not agree, however, with the appellate court's holding that the District may not issue bonds in excess of an aggregate amount equalling 5% of the value of the property in the District. We hold that neither the 5% limitation of the 1870 constitution nor the 5% limitation of section 9 of the Sanitary District Act of 1911 is applicable.

The District contends that the 5% limitation on the indebtedness of a municipal corporation contained in the 1870 constitution was incorporated in section 46 of the Environmental Protection Act by reference. This act became effective July 1, 1970. Section 12 of article IX of the Illinois constitution of 1870 which was then in effect provided:

"No *** municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate

exceeding 5 per centum on the value of the taxable property therein."

The second paragraph of section 46 quoted above refers to "the limit imposed upon such indebtedness by the constitution of the State of Illinois." The Illinois constitution of 1970, which became effective July 1, 1971, contains no limitation on the indebtedness of a municipal corporation. The order of the Board was entered March 31, 1971, and directed the issuance of bonds after July 1, 1971. We consider the language of section 46 to be a general reference to any constitutional limitation that may be in effect at the time the indebtedness is incurred and not an incorporation therein by reference of the specific limitation contained in section 12 of article IX of the constitution of 1870.

The principles of statutory construction which are applicable in construing statutes which adopt other statutes by reference are helpful in arriving at this conclusion. This court has previously stated these principles in *Kloss v. Suburban Cook County Tuberculosis Sanitarium Dist., 404 Ill. 87, 94*:

> "Where one statute adopts the particular provisions of 'another by a specific and descriptive reference to the statute or provision adopted, the effect is the same as if the statute or provisions adopted had been incorporated bodily into the incorporating statute. Such adoption takes the statute as it exists and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. [Citations.] But when an adopting statute makes no reference to a particular statute, or part thereof, by its specific title or otherwise, but refers to the law generally which governs a particular subject, the reference in such case includes not only the law in force at the date of the adopting act but also all subsequent laws on the particular subject

referred to, so far at least, as they are consistent with the adopting act." See also *People ex rel. Kell v. Framer, 328 Ill. 512, 527; Davison v. Heinrich, 340 Ill. 349, 352;* 2 J. Sutherland, Statutes and Statutory Construction (3d ed. 1943), secs. 5207, 5208.

The reference to constitutional limitations contained in section 46 is a general reference to the limit on municipal-corporation indebtedness imposed by the constitution of the State of Illinois and not a specific reference to the limitation on the indebtedness of municipal corporations imposed by section 12 of article IX of the Illinois constitution of 1870. The Environmental Protection Act was enacted at the 1969 regular session of the General Assembly, which convened on April 1, 1970, and recessed on May 29, 1970. Although the 1970 constitution had not at that time been drafted, the constitutional convention was in session, and it was unknown at that time what debt limitation on municipal corporations, if any, would be included in the new constitution or, in fact, if the work product of the 1970 constitutional convention would ultimately be adopted. The general language used in section 46 was flexible enough to make applicable to any action under that section the debt limitation of section 12 of article IX of the constitution of 1870 which was then in effect, and in the event the new constitution were adopted, the language was sufficiently general to make applicable to any proceedings under section 46 the debt limitations, if any, which would be contained in the new constitution.

The District also contends that the 5% limitation contained in section 9 of the Sanitary District Act of 1911, quoted above, limits its authority to issue the bonds necessary to comply with the Board's order. We note however that an amendment to the Sanitary District Act of 1911, effective July 1, 1970 (the effective date of the Environmental Protection Act), provides:

"Nothing in this Act contained may be construed as superseding or in any manner limiting the provisions of the 'Environmental Protection Act' enacted by the 76th General Assembly." Ill. Rev. Stat. 1971, ch. 42, par. 283.

We find that this amendment eliminates the 5% limitation contained in section 9 of the Sanitary District Act of 1911 as a restriction on the issuance of bonds under section 46 of the Environmental Protection Act.

For the above reasons the judgment of the appellate court is reversed and the order of the Illinois Pollution Control Board is confirmed.

*Judgment reversed.*