15 Ill. App.3d 432 (1973)
304 N.E.2d 521
SOIL ENRICHMENT MATERIALS CORPORATION, Plaintiff-Appellant,
v.
THE ZONING BOARD OF APPEALS OF GRUNDY COUNTY et al., Defendants-Appellees.
No. 73-55.
Illinois Appellate Court  Third District.
December 6, 1973.
David L. Callies, of Ross, Hardies, O'Keefe and Babcock, of Chicago, for appellant.
John V. Hanson, Assistant State's Attorney, of Morris, for appellees.
Order reversed.
Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Plaintiff, Soil Enrichment Materials Corporation (SEMCO), appeals from a judgment of the Circuit Court of Grundy County which, in an administrative review action, affirmed a decision of county building and zoning officials denying SEMCO's application for a building permit.
The appeal presents another phase of the controversy which was before us in County of Grundy v. Soil Enrichment Materials Corp., 9 Ill. App.3d 746 (1973), wherein our opinion was filed many months subsequent to the administrative decision and judgment now before us for review. Involved again is Section 3151 of the Counties Act (Ill. Rev. Stat. 1969, ch. 34, par. 3151) which provides in pertinent part:
"The powers by this Act given shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted; nor shall they be exercised so as to impose regulations or require permits with respect to land used or to be used for agricultural purposes, or with respect to the erection, maintenance, repair, alteration, remodeling or extension of buildings or structures used or to *433 be used for agricultural purposes upon such land except that such buildings or structures for agricultural purposes may be required to conform to building or set back lines; * * *." (Emphasis added.)
As shown in greater detail in our prior opinion, SEMCO has a contract to remove digested sludge from a sewage treatment plant in Chicago, and has also entered into contracts with owners of Grundy County farm lands to spread the sludge thereon as fertilizer. The sludge is transported from Chicago in railroad cars and, to implement its operations under the contracts, SEMCO has purchased a 60-acre tract of land in the county, adjacent to a railroad right-of-way, upon which it proposes to construct a four million gallon holding pit, a pumphouse and associated controls. The sludge would be stored on the site and, from there, pumped to the surrounding farm lands for application to the soil.
Although presently being used as a farm, the 60-acre tract is zoned as an M-3 Manufacturing District under the county zoning ordinance, the permitted uses in such a district being: "Any establishment the principal use of which is manufacturing, fabricating, processing, assembling, dissembling, repairing, cleaning, servicing, testing and storing of materials, products and goods provided operations conform with the performance standards and other requirements applicable to an M-3 District." Some "conditional uses" are also permitted in an M-3 District and, elsewhere in the ordinance, a conditional use is defined as one "* * * that has unusual operational, physical, or other characteristics that may be different from those of the predominant Permitted Uses in a District," and thus require the compliance with "special standards."
In February, 1971, SEMCO filed an application with the county zoning and building officer for a building permit to construct the proposed holding pit, pumphouse and controls. No application was made for a zoning certificate, it appearing rather that SEMCO took the position that the proposed use was for an "agricultural purpose" within the meaning of Section 3151, thus causing it to be exempt from zoning regulations. Three days later, the officer informed SEMCO that its application was denied, that it would have to apply for and secure a conditional zoning permit, and that once such a permit was granted a new determination would be made of the application for a building permit. Subsequently, while explaining his decision before the zoning board of appeals, the officer stated he had denied the application because he considered the disposal and spreading of sludge to be an experimental use which took the proposed use of the 60 acres out of the category of an accessory agricultural use. In essence, therefore, the officer concluded that the *434 proposed use was not for an agricultural purpose; that a zoning permit was thus required; and that, under the county ordinance, a conditional use permit was the type called for.
SEMCO, which subsequently received a permit from the Environmental Protection Agency to install and operate the proposed storage and pumping system, took no steps to secure a conditional use permit. Rather, it appealed from the officer's decision to the county zoning board of appeals. The latter board, after hearings which produced little, if any, relevant evidence (other than the testimony of the zoning and building officer), approved the decision of the officer in all its aspects, as did the Circuit Court of Grundy County in SEMCO's further proceeding for administrative review. This appeal by SEMCO has followed.
In affirming the administrative decision, the focal finding of the trial court, like that of the administrative officials, was that the proposed use of SEMCO's land was not for an "agricultural purpose" within the meaning of Section 3151 of the Counties Act, supra. On this basis, the court further found and concluded, in substance, that the land was therefore not exempt from zoning regulations, that the proposed use was properly subject to the conditional permitted use provisions of the county's zoning ordinance, and that the county officials had correctly declined to issue a building permit, inasmuch as SEMCO had never sought or procured a conditional use permit. Thus, it is apparent that the primary and critical issue on appeal is the correctness of the determination that the proposed use of the land was not for an agricultural purpose. As we view it, that issue is in part determined by the decision of this court rendered on the occasion of the prior appeal between the parties. See County of Grundy v. Soil Enrichment Materials Corp., 9 Ill. App.3d 746 (1973).
Over contentions of the county and for reasons which need not be repeated, we concluded, on the basis of the evidence in the prior case, that the spreading of digested sludge as a liquid organic fertilizer and soil conditioner on farmland was for an agricultural purpose and, under the statute, was not subject to control by the county zoning ordinance. Proceeding from such determination, and despite the sketchy evidence in the present record, we have no difficulty in concluding that the use of the 60-acre tract here involved is likewise for an agricultural purpose and thus exempt from zoning regulations, insofar as its use for a pumphouse and associated controls is concerned. It logically follows, we believe, that if the spreading of digested sludge on farmland is in itself a use for an agricultural purpose, then the use of land to accommodate the immediate and necessary facilities by which the sludge is transported to such farmlands is also a use for an agricultural purpose.
*435 We note that the building permit requested is for a structure in the M-3 Manufacturing Zone to be used in connection with temporary storage of sewage sludge incidental to spreading it on farmland as fertilizer. As we have previously noted. the zoning ordinance of Grundy County expressly permits storage of materials in an M-3 Zone, and the only substances which may not be stored in such Zone, unless a conditional use permit is secured, are flammable liquids and flammable materials. The sludge is not flammable. While the defendants assert that the zoning officer could have determined that the proposed use required a conditional use permit because of "potential hazards to public health and welfare", this could hardly be justified since there is no provision in the ordinance which requires a conditional use permit for any use which the zoning officer would conclude poses a "potential hazard to public health and welfare." We had previously observed in County of Grundy v. Soil Enrichment Materials Corp., 9 Ill. App.3d 746 (1973), that the digested sludge is to be lagooned prior to its application as a fertilizer. We indicated there that if the sludge were simply dumped and stored on land in Grundy County, without being used as a fertilizer in a reasonable manner, then the issue before the court would be entirely different. It is clear, however, that the temporary storage of digested sludge prior to spreading it as a fertilizer on the farms is simply part of the continuing agricultural process. Consequently, a so-called "conditional use permit" was not required under the Zoning Ordinance of Grundy County and the building permit requested should have been issued.
For the reasons stated, the order of the Circuit Court of Grundy County is reversed.
Reversed.
STOUDER and SCOTT, JJ., concur.