187 Ill. App.3d 84 (1989)
543 N.E.2d 350
THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant,
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Ex'r under the Will of John F. Cuneo, et al., Defendants-Appellees.
No. 2-88-1246.
Illinois Appellate Court  Second District.
Opinion filed August 18, 1989.
*85 *86 Charles L. Siemon and James N. Azim III, both of Siemon, Larsen & Purdy, of Chicago (Gerald P. Callaghan, of counsel), for appellant.
Charles F. Marino, of Chicago, for appellee Village of Mundelein.
John J. Lawlor, of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee North Shore Gas Company.
Gerald J. Porento, of Commonwealth Edison Company, of Chicago, for appellee Commonwealth Edison Company.
Robert E. Wiss and John J. Foran, both of Foran, Wiss & Schultz, of Chicago (Thomas A. Foran, of counsel), for other appellees.
Judgment affirmed.
JUSTICE NASH delivered the opinion of the court:
Plaintiff, the town of Libertyville, filed a complaint pursuant to the Township Open Space Act (the Act) (Ill. Rev. Stat. 1985, ch. 139, par. 321 et seq.), in which it sought to condemn fee simple and less than fee simple interests in real property held by defendants, Continental Illinois National Bank and Trust Company of Chicago, as executor under the will of John F. Cuneo; Continental Illinois National Bank and Trust Company of Chicago, John F. Cuneo, Jr., Conseula Cuneo McAlister, Charles L. McEvoy and William G. Myers, as trustees under trust Number XX-XXXXX-X; Continental Illinois National Bank and Trust Company of Chicago, Julia Shepherd Cuneo, Lawrence A. Byrne and Russell G. DeYong, as trustees under the will *87 of John F. Cuneo; Julia Cuneo; and The Cuneo Foundation.
The fee simple interest sought to be taken was alleged to be in land which cannot be farmed and the property in which less than a fee simple interest was sought to be taken by plaintiff was used primarily for farming purposes. Plaintiff appeals from an order of the trial court which granted defendants' motion for summary judgment and dismissed its complaint. Plaintiff contends that defendants' property is not exempt from condemnation under section 4.02 of the Act (Ill. Rev. Stat. 1985, ch. 139, par. 324.02) because the fee simple property is not used for farming or agricultural purposes, and the remaining property is primarily held for investment and development, and not for agricultural purposes. Alternatively, plaintiff requests this court to reconsider its decision in Town of Libertyville v. Bank of Waukegan (1987), 152 Ill. App.3d 1066, 1070-71, 504 N.E.2d 1305, where we held that the Act does not permit the taking of a conservation easement by this plaintiff where the real estate presently qualifies as farm or agricultural land. We affirm.
Initially, we note that, while plaintiff's complaint contains a legal description of all of the land it seeks to condemn, it cannot be determined from the record which portions of defendants' land plaintiff seeks to take in fee simple and those portions in which it seeks a less than fee simple interest. The parties agree that of the 880 acres of land involved in this case, plaintiff seeks to acquire a less than fee interest in approximately 780 acres, which plaintiff refers to as the easement property on appeal.
The complaint alleges that the Act authorizes Libertyville to acquire for the purpose of its open-space program a fee simple title, or such lesser interest as it desires in the property, and that it adopted a resolution declaring taking of the property to be a matter of public necessity. The complaint also alleges that the less than fee simple interests to be taken will be restricted by the township to certain uses, including farming, agricultural, existing residential, and foot and bicycle trails. The less than fee interest is described in the resolution as "that interest, the acquisition of which will restrict and limit the development of those portions of the Property to activities for which they are presently used, subject to certain conservation and other restrictions necessary to accomplish the purposes of the Open Space Act."
Defendants first moved to dismiss the complaint on the ground, inter alia, that plaintiff had no eminent domain power to condemn the property because of the farmland exemption under the Act. (See Ill. Rev. Stat. 1987, ch. 139, par. 324.02.) Before the trial judge ruled *88 on this motion, defendants "move[d] for a summary judgment of dismissal of the Complaint For Condemnation" requesting the trial court "to enter an order granting defendant summary judgment in their favor and against the Plaintiff, dismissing the complaint."
Defendants' motion for summary judgment reasserted that plaintiff did not have the authority to condemn the property because it is used for farming or agricultural purposes, that all of the property has been and is currently devoted primarily to raising and harvesting crops and that our decision in Town of Libertyville v. Bank of Waukegan thus precludes condemnation. The affidavit of William G. Myers, a defendant in this case, states that the real estate which plaintiff seeks to condemn is part of a 1,520-acre tract of land commonly known as Hawthorn-Mellody Farms. For many decades, and currently, Hawthorn-Mellody Farms has been devoted primarily to income-producing farming and agricultural purposes which have included the raising and harvesting of crops, and the feeding, breeding, and management of livestock. The unimproved portions of the property consist of trees and shrubs, and two bodies of water and a section of the Seavey Drainage Ditch, which together provide drainage and a source of irrigation for cropland. The property also contains roadways and rights-of-way, and the only buildings on the property are barns, silos, other farm-related structures, and five residences which occupy less than one acre of land. For the 1977 real estate tax assessment year, all of the property, with the exception of a 150-foot strip of land identified in the complaint as parcel 1, was assessed and taxed as farmland under sections 20a-1 through 20a-3 of the Revenue Act of 1939, and the use of the property has not changed since 1977. Myers further stated in his affidavit that the property continues to be assessed as farm or agricultural property under section 20e of the Revenue Act of 1939, effective August 1977 (Ill. Rev. Stat. 1985, ch. 120, par. 501e).
In a supplemental affidavit, Myers states that prior to 1984, Processing and Books, Inc., the capital stock of which is owned by the Cuneo family or trustees for their benefit, conducted all farming activities on Hawthorn-Mellody Farms. For 1984 and subsequent years, farming activities were conducted by Robert J. Meyer, an independent farmer. Payments by Meyer for the use of Hawthorn-Mellody Farms were $118,220, $123,360, and $113,000 for 1984, 1985, and 1986, respectively.
Robert W. Kozel, vice-president of Processing and Books, Inc., states in his affidavit that income and expense from the farming operations at Hawthorn-Mellody Farms in 1983 were $183,475 and *89 $148,635, respectively. Income and expense attributable solely to the property sought to be taken by plaintiff were not separately stated.
In his affidavit Robert J. Meyer states that he is engaged in the business of farming, and that for the years 1984 through 1986, he rented 1,028 acres of the Hawthorn-Mellody Farms' land for the purpose of growing crops. Estimated income, expense, and rental payments for these years were as follows:

 1984 1985 1986
 INCOME $ 263,682 $ 270,420 $ 212,540
 EXPENSE - 129,110 - 137,109 - 126,995
 RENT - 118,220 - 123,360 - 113,000
 _________ _________ _________
 NET INCOME $ 16,352 $ 9,951 - $27,455

Because Meyer does not maintain separate records for his farming business, he is unable to calculate the income or expense attributable to the land, or any portion of it, that he farms at Hawthorn-Mellody Farms. Meyer's estimated income and expense for Hawthorn-Mellody Farms property were calculated by considering the number of acres of Hawthorn-Mellody Farms land devoted to the growing of soybeans and corn; the total number of acres Meyer grows in soybeans and corn; Meyer's total income and expense, exclusive of rent, attributable to soybean and corn crops; and the estimated crop yield from Hawthorn-Mellody Farms. Meyer farms all tillable portions of the property which is the subject of the complaint for condemnation.
Affidavits and depositions submitted by plaintiff in opposition to the defendants' motion state that, at the time the complaint for condemnation was filed, defendants had been negotiating for over eight years with the Village of Libertyville and the Village of Vernon Hills regarding the possible annexation and rezoning of the unincorporated portions of Hawthorn-Mellody Farms. A petition for annexation filed in 1985 with the Village of Libertyville, which was subsequently withdrawn, contemplated various uses, including residential, office, commercial, and industrial. A market absorption and fiscal impact analysis prepared by Allen L. Kracower & Associates, Inc. (Kracower), an urban planner retained by defendants several years ago, which was submitted to the Village of Libertyville in connection with the annexation proposal, projected that by the year 2009, the market would absorb 4,443 residential dwelling units and 7,501,960 square feet of light industrial, commercial, and office space. A petition for annexation filed with the Village of Vernon Hills in 1988 also proposes the construction of a residential and commercial regional planned unit development. Lane Kendig, a professional land use planner retained by *90 plaintiff, reviewed the petitions to annex and rezone the property and opined that defendants were in the process of developing the property for commercial and residential purposes. Kracower testified at his deposition that, with defendants' permission, he erected a sign on the property which described the property as a planned commercial, office, and residential development. Defendants received numerous inquiries and offers after the sign was erected and sold 129 acres of the property during 1988. (Because defendants do not argue that this appeal is moot as to the property sold, we do not consider the issue. (See Town of Libertyville v. Moran (1989), 179 Ill. App.3d 880, 886, 535 N.E.2d 82).) Defendants have also retained a traffic consultant, a law firm, and a civil engineer in connection with the proposed annexation and rezoning of the property.
The trial court granted defendants' motion for summary judgment and dismissed the complaint. While the court did not state the basis for its ruling, the motion only alleged that Libertyville did not have the power to condemn the property because of its primary use for farming purposes.
Plaintiff appeals, contending that because the fee simple property is not farmable and the remaining property is primarily held for investment and developmental purposes, the property is not used for farming or agricultural purposes, and it thus does not qualify for exemption from condemnation under the Act. Plaintiff also requests this court to reconsider its holding in Town of Libertyville v. Bank of Waukegan (1987), 152 Ill. App.3d 1066, 504 N.E.2d 1305.
 1 Plaintiff instituted this eminent domain proceeding under its open-space program which it adopted pursuant to the Act. (See Ill. Rev. Stat. 1985, ch. 139, par. 321 et seq.) The Act purports to authorize plaintiff to acquire the fee or a lesser right or interest in tracts of open land in its township for open-space purposes. (Ill. Rev. Stat. 1985, ch. 139, par. 322(e).) A township may acquire such land "by gift, legacy, purchase, condemnation * * * except where the real estate qualifies for additional valuation under Sections 20a-1 through 20a-3 of the `Revenue Act of 1939' because of its use for farming purposes, lease, agreement or otherwise the fee or any lesser right or interest in real property that is open land." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 139, par. 324.02.) While sections 20a-1 through 20a-3 of the Revenue Act of 1939 have been repealed (Pub. Act 83-347, eff. September 14, 1983) (repealing Ill. Rev. Stat. 1981, ch. 120, pars. 501a-1 through 501a-3), statutes which adopt by specific reference provisions of other statutes are not affected by a subsequent amendment or repeal of the incorporated statute. (North Shore Sanitary *91 District v. Pollution Control Board (1973), 55 Ill.2d 101, 106, 302 N.E.2d 50.) Accordingly, sections 20a-1 through 20a-3 apply in this case notwithstanding the repeal of those sections. See Town of Libertyville v. Connors (1989), 185 Ill. App.3d 317, 326-27.
 2 Property qualifies for additional valuation under section 20a-1 of the Revenue Act of 1939 if it is used for farming or agricultural purposes for the three years immediately preceding the real estate tax assessment year. Real property is used for farming or agricultural purposes if it was (1) more than 10 acres in area and (2) devoted primarily to the raising and harvesting of crops, feeding, breeding and management of livestock, dairying, or any other agricultural or horticultural uses (3) with the intention of securing substantial income from those activities. Real property used for farming purposes includes the construction and use of dwelling and other buildings customarily associated with farming uses when associated with such uses. Ill. Rev. Stat. 1981, ch. 120, par. 501a-1.
Libertyville first contends, without citation to authority, that the property in which it seeks a fee simple interest is not exempt from condemnation because it is not used for farming. This property primarily contains trees and shrubs, two bodies of water, a drainage ditch, roadways, rights-of-way, and farm-related structures. Five residences which occupy less than one acre of the land are also located on the property.
 3, 4 The Revenue Act only requires that the property be devoted primarily, and not exclusively, to farming or agricultural purposes, and dwellings or other buildings normally associated with farming or agricultural uses do qualify for additional valuation under section 20a-1 of the Revenue Act. (Ill. Rev. Stat. 1981, ch. 120, par. 501a-1.) Plaintiff's construction of the terms "farming" or "agricultural" purposes ignores reason and reality. Under plaintiff's construction of these terms, if a farmer planted trees or bushes to prevent soil erosion, that land could be condemned by Libertyville as it is not actually being farmed. We decline to adopt such a narrow construction. "The definition given by Webster [agricultural] is, `of or pertaining to agriculture; connected with, or engaged in tillage.'" (People ex rel. Pletcher v. City of Joliet (1926), 321 Ill. 385, 388, 152 N.E. 159, 160.) An agricultural purpose has not been restricted to the growing of crops in Illinois. (County of Lake v. Cushman (1976), 40 Ill. App.3d 1045, 1050, 353 N.E.2d 399; see, e.g., Soil Enrichment Materials Corp. v. Zoning Board of Appeals (1973), 15 Ill. App.3d 432, 435, 304 N.E.2d 521 (the construction of a four-million-gallon pot which held sewage sludge to be pumped to surrounding farmlands for use as a *92 fertilizer was an agricultural use).) Here, the unimproved portions of the property in which plaintiff seeks a fee simple interest contain trees and shrubs, and bodies of water and a drainage ditch which provide a source of irrigation and drainage for cropland. The property also contains farm structures, roadways, and rights-of-way. In addition, we note that the property currently qualifies for assessment under section 20e of the Revenue Act, which provides special tax assessment rules for real property constituting a farm (Ill. Rev. Stat. 1985, ch. 120, par. 501e), which is defined, inter alia, as "land used solely for the growing and harvesting of crops" (Ill. Rev. Stat. 1985, ch. 120, par. 482(21)). We conclude that the fee simple property was primarily used for farming or agricultural purposes and may not be taken by plaintiff.
 5 Plaintiff next contends that the less than fee simple property it wishes to acquire control of is devoted primarily to investment and development purposes, and not for farming or agriculture. Plaintiff did not challenge affidavits submitted by defendants in the trial court describing the substantial income derived from the property by farming it. In its reply brief, plaintiff states that the profit and loss statements submitted by defendants are not relevant to the consideration of whether the property qualifies for additional valuation under the Revenue Act of 1939, and Libertyville does not dispute the substantial income derived from farming activities. Plaintiff argues, instead, that the holding of property for investment and developmental purposes constitutes a present use of the property and that defendants' primary use of the property is for these purposes. We find Santa Fe Land Improvement Co. v. Illinois Property Tax Appeal Board (1983), 113 Ill. App.3d 872, 448 N.E.2d 3, to be dispositive of this argument.
In Sante Fe, the plaintiff filed an application with the tax assessor seeking agricultural valuation of its property under section 20a-1 of the Revenue Act. (Ill. Rev. Stat. 1975, ch. 120, par. 501a-1.) The undisputed facts showed that all tillable land was used to grow crops; utilities had been constructed several years prior to the assessment year; roads had been constructed on the property; the land had been zoned industrial; and the plaintiff had marketed industrial park sites. (Santa Fe Land Improvement Co., 113 Ill. App.3d at 873, 448 N.E.2d at 4.) The court held that the present use of the property controls. (Santa Fe Land Improvement Co., 113 Ill. App.3d at 875, 448 N.E.2d at 5-6; see also Du Page Bank & Trust Co. v. Property Tax Appeal Board (1986), 151 Ill. App.3d 624, 627, 502 N.E.2d 1250.) The statute does not speak to possible alternative uses or intended future uses. "[T]he lands in question which in 1978 were farmed and had not *93 been sold as industrial development sites were used solely for the growing and harvesting of crops." (Santa Fe Land Improvement Co., 113 Ill. App.3d at 875, 448 N.E.2d at 6.) From the foregoing, we conclude that although defendants may be contemplating nonagricultural uses of their property at some unspecified time in the future, the present use of the property for farming qualifies it for farmland assessment under section 20a-1 of the Revenue Act, and it is thus exempt from condemnation under section 4.02 of the Township Open Space Act. Ill. Rev. Stat. 1985, ch. 139, par. 324.02.
 6 Plaintiff also contends that because the less than fee interest it seeks is a conservation easement (see Ill. Rev. Stat. 1987, ch. 30, par. 401), that interest is not devoted to a farming or agricultural use and is not exempt. Plaintiff requests that we reconsider our decision in Town of Libertyville v. Bank of Waukegan (1987), 152 Ill. App.3d 1066, 1070-71, 504 N.E.2d 1305, 1308-09, where this court held that a township may not acquire by condemnation the fee or any lesser right or interest in property which is used for farming or agricultural purposes. As we have concluded that the land in which plaintiff seeks a less than fee interest qualifies as farmland, plaintiff's argument is without merit, and we decline to reconsider our decision in Town of Libertyville v. Bank of Waukegan.
 7 Recent amendments to the Act support our decision. Since our holding in Bank of Waukegan, the legislature has amended the Act (Pub. Act 85-1140, eff. July 29, 1988) in certain respects, but did not do so to change our construction that a township is not permitted to condemn developmental rights where the underlying property is used for farming. The legislature's reenactment of a statute which has been judicially construed is tantamount to an adoption of that construction. (Independent Voters v. Illinois Commerce Comm'n (1987), 117 Ill.2d 90, 99-100, 510 N.E.2d 850.) Furthermore, we note that a bill introduced in the Illinois House of Representatives, which was not passed (see Final Legislative Synopsis & Digest 1415 (Legislative Reference Bureau 1989)), would have granted the condemnation power plaintiff asserts here. HB3006 provided that a township may acquire pursuant to an open-space program "the fee or * * * a lesser right or interest, including development rights in land used for farming or agricultural purposes." Regarding section 4.02 of the Act, the bill further provided that "in no event shall this subsection, as it relates to condemnation of real estate interests which qualify for additional valuation under Sections 20a-1 through 20a-3 of the `Revenue Act of 1939' because of their use for farming or agricultural purposes, be construed to limit the township's ability to condemn the development *94 rights in land used for farming or agricultural purposes." (Emphasis in original.) (85th Ill. Gen. Assem., House Bill 3006, 1988 Sess.) Plaintiff can acquire no rights from proposed legislation which has not been enacted.
Accordingly, the judgment of the circuit court is affirmed.
Affirmed.
McLAREN and REINHARD, JJ., concur.