July 9, 1998

No. 3--97--0845

_____________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

_________________________________________________________________

GRUNDY COUNTY NATIONAL BANK, ) Appeal from the Circuit

as trustee under an agreement ) Court of the 13th Judicial

dated the 26th day of June, ) Circuit, Grundy County,

1989, Known as Land Trust ) Illinois

#1163, KEITH ROSELAND, JOHN W. )

HYNDS and DONALD N. CLAUSEN )

TRUST, HENRIETTA U. CLAUSEN. )

Trustee, Beneficial Owners, )

)

Plaintiffs-Appellants ) No. 94--TX--10

)

v. ) 

)

STATE OF ILLINOIS PROPERTY TAX )

APPEAL BOARD and GRUNDY COUNTY )

BOARD OF REVIEW, ) The Honorable 

) James L. Brusatte,

Defendants-Appellees. ) Judge Presiding

_________________________________________________________________

PRESIDING JUSTICE HOMER delivered the opinion of the court:

_________________________________________________________________

Plaintiffs, the trustee bank and beneficiaries in a land trust, appealed a decision of the Grundy County Board of Review to reassess plaintiffs' property from farmland to residential property.  The Property Tax Appeal Board, and later the circuit court, upheld the reassessment and the plaintiffs have appealed to this court.  For the reasons that follow, we affirm.

FACTS

Grundy County National Bank, as trustee, was the record owner of real property in Grundy County consisting of 18.896 acres.  The property had been used for the production of corn and soybeans.  The trustee purchased the property for development into a residential subdivision.

The trustee submitted a preliminary plat of the subdivision to the Village of Coal City.  The plat divided the property into 54 lots and was approved by the village.  

In August 1989, a final plat with 11 lots and containing 4.381 acres was recorded.  In August 1990, plaintiffs recorded a second final plat with an additional 12 lots containing 3.842 acres.  In March 1991, after a third final plat with 9 lots containing 3.307 acres was recorded, there remained 22 lots containing 7.366 acres which had not been finally platted.

For the 1991 tax year, the Grundy County supervisor of assessments increased the assessment on 22 of the vacant lots contained within the three final plats after reclassifying those lots from farmland to residential.  Plaintiffs filed a complaint with the Grundy County Board of Review (Board), contending that these lots were entitled to a preferential assessment pursuant to section 20g-4 of the Revenue Act of 1939 because at the time of the preliminary platting the land was vacant and in excess of 10 acres, or land used for farming or agricultural purposes.  Ill. Rev. Stat. 1991, ch. 120, par. 501g-4.  

When the Board rejected plaintiffs' argument, plaintiffs appealed to the Property Tax Appeal Board (PTAB).  The PTAB ruled that section 20g-4 of the Revenue Act did not apply to  plaintiffs' property because the section requires in excess of 10 acres to be platted at a single time and recorded under the Plat Act.  The PTAB did allow plaintiffs relief for the 9 lots contained in the third final plat because that plat was filed after the commencement of the 1991 assessment year.

Plaintiffs filed for review in the circuit court which upheld the decision of the PTAB, and they now seek relief in this court.  At issue is the Board's reassessment of 13 vacant lots contained within the first two final plats.  We must decide whether these 13 lots meet the criteria under section 20g-4 of the Revenue Act of 1939 for preferential property tax assessment.

ANALYSIS

Plaintiffs contend that their lots were subject to valuation as subdivided agricultural land in accordance with section 20g-4 of the Revenue Act of 1939 (Ill. Rev. Stat. 1991, Ch. 120, par. 501g-4).  They argue that the PTAB erred 
in its interpretation of section 20g-4. 

Courts must give substantial weight and deference to the interpretation placed on a statute by the agency charged with its administration and enforcement.  
Central City Education Association v. Illinois Educational Labor Relations Board
, 149 Ill. 2d 496, 599 N.E.2d 892 (1992).  Where an agency's decision involves the interpretation of a statutory provision, the meaning of which is subject to debate, courts will rely on the agency's interpretation of the statute's meaning.  
Board of Education of Plainfield v. Illinois Education Labor Relations Board
, 143 Ill. App. 3d 898, 493 N.E.2d 1130 (1986).  However, the PTAB's interpretation of a statute is not binding if it is erroneous or if it limits or extends the scope of the statute.  
Martin Oil Service, Inc. v. Department of Revenue
, 49 Ill. 2d 260, 273 N.E.2d 823 (1971).  

Section 20g-4 was enacted to protect real estate developers from rising assessments which result from initial platting and dividing of farmland.  
Kennedy Brothers, Inc. v. Property Tax Appeal Board
, 158 Ill. App. 3d 154, 160, 510 N.E.2d 1275, 1279 (1987).  Section 20g-4 
provides, 
inter
 
alia
:

"(a)  In all counties containing less than 2,000,000 inhabitants, the platting and subdivision of land into separate lots and the development of such subdivided land with streets, sidewalks, curbs, gutters, sewer, water and utility lines shall not increase the assessed valuation of all or any part of the land so platted and subdivided provided that:

(1)  Such land is platted and subdivided in accordance with [the Plat Act];

(2) Such platting occurs after January 1, 1978; and

(3)  At the time of such platting such land is vacant land in excess of 10 acres, or land used for farming or agricultural purposes within the meaning of Section 20a-1. ***"  Ill. Rev. Stat. 1991, ch. 120, par. 501g-4.

Plaintiffs argue that the Plat Act (Ill. Rev. Stat. 1991, ch. 109, par. 1, 
et
 
seq.
) makes no distinction between preliminary and final plats of a subdivision, and that the election to finally plat the development in phases should not affect their entitlement to the protection afforded by section  20g-4.  Plaintiffs contend that their preliminary plat was sufficient to satisfy the requirements of 20g-4 since the preliminary plat consisted of 18.896 acres.    

However, section 20g-4 specifically requires the platting to be done in conformity with the Plat Act which provides, 
inter
 
alia
:

  

"The statement of the Registered Land Surveyor and of acknowledgement, together with the plat, must be recorded *** in the recorder's office of the county in which the land is situated 
***."  Ill. Rev. Stat. 1991, ch. 109, par. 2.  

In the instant case, the preliminary plat was submitted to the village for approval but was not recorded in the recorder's office.  Therefore, the plain language of section 20g-4(a)(1) and section 2 of the Plat Act compel us to agree with the PTAB's determination that the only time the subject lots were platted and subdivided in conformity with section 2 of the Plat Act was when the final plats in which they are located were recorded.

Alternatively, plaintiffs argue that the repeal of section 20a-1 of the Revenue Act of 1939 eliminated the 10-acre threshold requirement for subdivided farmland.  Before its repeal in 1983, section 20a-1, which established an alternative valuation of farmland, stated 
inter
 
alia
: 

"Real property is used for farming or agricultural purposes within the meaning of this Section if it is more than 10 acres in area and devoted primarily to the raising and harvesting of crops ***."  Ill. Rev. Stat. 1981, ch. 120, par. 501a-1 (repealed by Pub. Act 83-347 effective Sept. 14, 1983).   

It is well-settled that a statute which adopts by specific reference provisions of another statute is not affected by a subsequent amendment or repeal of the incorporated statute.  
Libertyville v. Continental Illinois National Bank
, 187 Ill. App. 3d 84, 90, 543 N.E.2d 350, 354 (1989).  Plaintiffs argue, without citation to authority, that this rule of statutory construction should not apply here, because section 20a-1 was repealed prior to the effective date of section 20g-4 and at no time did the two sections have a common existence.  Section 20a-1 was repealed effective September 14, 1983, while section 20g-4 became effective September 26, 1983.  At a minimum, plaintiffs contend, this legislative sequence creates an ambiguity, which must be construed against the government and in favor of the taxpayer.  We disagree.  Although section 20a-1 was repealed, the definition of farmland contained therein survives 
as incorporated in 20g-4.  The definition is readily ascertainable and unambiguous.  
Therefore, the plaintiffs' distinction does not undermine the application of the r
ule in this case. 

Thus, under either of the criteria of section 20g-4(a)(3), 
that the land must be vacant 
o
r used for farming or agricultural purposes as defined in 20a-1, the land must be in excess of 10 acres at the time of such platting.  Because the land in neither of the recorded final plats at issue in this appeal was in excess of 10 acres, the 13 reassessed lots were not entitled to the preferential treatment provided by section 20g-4.

Therefore, we conclude that the PTAB's decision was not erroneous, and the judgment of the trial court upholding the PTAB's decision must be affirmed.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Grundy County is affirmed.

Affirmed.

BRESLIN and SLATER, JJ., concur.