SANTA FE LAND IMPROVEMENT COMPANY, Plaintiff-Appellant, *v.* THE ILLINOIS PROPERTY TAX APPEAL BOARD OF THE DEPARTMENT OF LOCAL GOVERNMENT AFFAIRS *et al.*, Defendants-Appellees.

Third District   No. 82—258

Opinion filed April 8, 1983.

Ellen Lubarsky, of Chicago, and William T. Kaplan, of Thomas, Wallace, Feehan and Baron, Ltd., of Joliet, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for appellee Will County Board of Review.

Tyrone C. Fahner, Attorney General, of Chicago (Georgene M. Wilson, Assistant Attorney General, of counsel), for appellee Illinois Property Tax Appeal Board.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Santa Fe Land Improvement Company filed a complaint for administrative review of an adverse decision of defendant Illinois Property Tax Appeal Board of the Department of Local Government Affairs (hereinafter the Board). After a hearing on the merits, the circuit court of Will County affirmed the Board's decision.

The facts from which this litigation arises are uncontroverted. Approximately 20 years ago, plaintiff acquired a tract of land in Du Page and Will counties from Chancellor Western Oil and Development Company, an affiliate under Santa Fe Industry's holding company structure. In 1965, utilities were constructed and underwritten by Chancellor Western. The utilities, operated by Citizens Utilities Company, include industrial capacity water and sewer lines. Plaintiff also constructed several roads on the property, and Santa Fe Railway constructed a railroad spur line. The tract has been zoned industrial, and industrial park sites are marketed.

For at least 20 years, the tract has been farmed. Doane Agricultural Service manages the "Santa Fe Farms," and its agent testified that all tillable land, approximately 1,000 acres, is currently being so utilized. Corn, soybeans, and wheat are grown by three tenants under crop share leases. The leases have annual terms and contain provisions for the purchase of crops and conversion of the leaseholds to industrial use. Farm buildings, including farm residences, are the only

buildings on those portions of the tract which have not been sold as industrial sites.

On February 17, 1978, plaintiff submitted to the Will County supervisor of assessments an application for the property in question to be valued under section 20a—1 of the Revenue Act of 1939 (hereafter the Act) (Ill. Rev. Stat. 1975, ch. 120, par. 501a—1) as real property used for agricultural purposes. The supervisor assessed the land at $500 per acre, but the Du Page Township assessor did not agree. On July 17, 1979, defendant Will County Board of Review supported the assessor's valuation of $1,000 per acre, and plaintiff thereafter paid its taxes and filed exceptions. On June 6, 1980, the Board reversed the board of review and reinstated the supervisor's assessment. Three days later, without notice or further hearing, the Board rendered the amended decision which is the subject of this appeal. The amended decision was identical to the original except for the concluding segment of its last sentence: "[T]he recommendations made by the township assessor and confirmed by the board of review are proper adjustments for this land." At issue is whether the land in question is used for farming. Assessments for years prior to 1978 are based on farm use valuation and are not disputed.

More precisely delineating the issue at bar is complicated by the existence of two assessment methods. As was recently noted in *Isenstein v. Rosewell* (1982), 108 Ill. App. 3d 1082, 1084, 440 N.E.2d 651, 653:

> "The instant controversy essentially stems from the existence of two statutory methods of assessment and taxation of farmlands. The first, effective since 1971, is the dual valuation method which permits the 'rollback' or recapture of taxes for prior years in the event of a change in the agricultural use of the property. (Ill. Rev. Stat. 1981, ch. 120, pars. 501a—1 through 501a—3.)[1] The second method, approved by the General Assembly on August 16, 1977, establishes a different procedure for fixing the assessed valuation of farmland but does not provide for a rollback of the taxes for prior years in the event of a change in the agricultural use of the property. (Ill. Rev. Stat. 1981, ch. 120, par. 501e.)[2]

> 1. See *Hoffman v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74, which held that this statutory scheme was not unconstitutional.

> 2. See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204, which upheld the constitutionality of this statute and held that the owner of a farm is automatically eligible

for assessment under its provisions."

As previously mentioned, plaintiff applied for the first valuation method. Eligibility requires, *inter alia*, that property be "devoted primarily to the raising and harvesting of crops." (Ill. Rev. Stat. 1975, ch. 120, par. 501–1.) Defendants contend that plaintiff's property must be evaluated under the second method. Eligibility for this method requires, *inter alia*, that property be "used solely for the growing and harvesting of crops." (Ill. Rev. Stat. 1977, ch. 120, par. 482(25).) Plaintiff responds that its lands would be eligible under this more restrictive standard as well. We therefore consider whether the property in question is used solely for the growing and harvesting of crops.

No party at any stage of these proceedings has disputed the fact the property in question was farmed in 1978. No party at any point has disputed the fact that the farm leases governing the property were in force and in effect in 1978. Defendants rather argue that the similarly undisputed facts that the property can be used for industrial development sites, that plaintiff intends to so use the property, and that the leases are prepared to facilitate such use compel the conclusion that the land is not used solely for the growing and harvesting of crops. The Board found these latter facts required assessment of the property "in a transition period."

■ Under either method of valuation, it is the use of real property which determines whether it is to be assessed at an agricultural valuation. The statutory sections do not speak of possible alternative uses nor intended future uses. That the scheme of taxation is based on present use is well-illustrated by the recapture provision of section 20a–3 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 501a–3). When property ceases to be used for agriculture purposes, an additional tax must be paid as if the property has been assessed at its fair market value for the preceding three years. The differential is thus based on the increased value of the land stemming from the nonagricultural use. If the legislature had intended for a "transitional" valuation, such as the one at bar, to be effected, it could have so provided in lieu of the recapture. We therefore conclude that the present use of land determines whether it receives an agricultural or nonagricultural valuation. This being the case, the lands in question which in 1978 were farmed and had not been sold as industrial development sites were used solely for the growing and harvesting of crops. In so holding, we recognize that lands which were not farmed in 1978 and which were improved primarily to serve industrial landowners may appropriately be valued on a nonagricultural basis.

As we have concluded the property in question was used solely for the growing and harvesting of crops, it follows that it also was devoted primarily to the raising and harvesting of crops. It is thus unnecessary for us to determine which statutory method of assessment and taxation is here applicable. If defendants persist in their position that only section 20e of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 501e) is here applicable, plaintiff's acquiescence would not be a surprising consequence.

■ Where facts are not in dispute, their legal effect becomes a matter of law and the rule as to the power of the court to set aside a decision only when against the manifest weight of the evidence has no application, and upon questions of law the court is not bound by the decision of an administrative agency. (Accord, *Kensington Steel Corp. v. Industrial Com.* (1944), 385 Ill. 504, 53 N.E.2d 395.) Accordingly, the judgment of the circuit court of Will County is reversed and this cause is remanded for further proceedings consistent with the views herein.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.