THE KANKAKEE COUNTY BOARD OF REVIEW, Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.— THE KANKAKEE COUNTY BOARD OF REVIEW, Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Third District   Nos. 3—98—0391, 3—98—0392 cons.

Opinion filed June 22, 1999.

Michael Kick, State's Attorney, of Kankakee (Brenda Gorski (argued), Assistant State's Attorney, and John X. Breslin, of State's Attorneys Appellate

Prosecutor's Office, of counsel), and Arthur B. Cornell and David O. Edwards (argued), both of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Royce A. White and Karen Dimond (argued), Assistant Attorneys General, of counsel), for appellee Illinois Property Tax Appeal Board.

Gary and Judy Kolesar, of Manteno, appellee *pro se.*

Edward Stuparitz, of Oak Lawn, appellee *pro se.*

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiff in these property tax assessment reclassification actions, Kankakee County Board of Review (Board of Review), appeals the Kankakee County circuit court's decision affirming the defendant Illinois Property Tax Appeal Board's (PTAB) conclusion that the three-acre portions of defendant Kolesars' five-acre property and defendant Stuparitz's five-acre property were entitled to a farmland classification and assessment for tax purposes. On appeal we must decide whether the PTAB erred in concluding that the three acres at issue were used solely for the growing and harvesting of crops. Because we conclude the PTAB did not err, we affirm.

## I. BACKGROUND FACTS

### No. 3—98—0391 Gary and Judy Kolesar

In 1988, defendants Gary and Judy Kolesar purchased a five-acre parcel of property. The Kolesars' home sits on approximately two acres of the property, and they lease the remaining three acres to a third party for the sole purpose of growing and harvesting crops. These three acres have been used as farmland for many years, at least since the Kolesars purchased the property in 1988.

Until 1994, the five-acre tract was classified and assessed as partially residential and partially farmland. In 1994, the Manteno Township assessor determined that the primary use of the property was residential, reclassified it as entirely residential, and assessed it accordingly. The Board of Review upheld the assessment.

The Kolesars appealed to the PTAB, requesting a farmland classification for the three acres used solely for farming purposes. The PTAB determined that the three-acre farmed portion was entitled to a farmland classification and assessment because the three acres were used solely for farming and had been since 1988.

### No. 3—98—0392 Edward Stuparitz

In 1992, a parcel of property consisting of 5.4 acres was deeded to

the Mary H. Stuparitz Living Trust. Defendant Edward Stuparitz and Mary Stuparitz are the trustees of the property. A house, garage, barn, corn crib, machine shed, milk shed, small orchard, and yard sit on the property. Although the house is habitable, no one lives on the property. Mr. Stuparitz, who lives in nearby Oak Lawn, visits the property for a day at a time about 40 to 50 times a year.

Stuparitz leases approximately three acres of the property to P&H Johnson, which grows crops such as soybeans and corn on these three acres. Johnson has farmed these three acres since 1975. Johnson also farms adjoining land which has no physical separation from Stuparitz's farmed acreage.

Until 1994, the Stuparitz property was assessed as farmland. In 1994, the Momence Township assessor determined that its primary use was residential, reclassified the entire 5.4 acres as residential, and assessed it accordingly. The Board of Review upheld the assessment.

Stuparitz appealed his 1994 assessment to the PTAB. The PTAB concluded that the three-acre farmed portion of Stuparitz's property was used solely for growing and harvesting crops and had been since 1975, and, thus, was entitled to a farmland classification and assessment.

In its decision ordering the Board of Review to compute and certify a farmland assessment for the Kolesars' and Stuparitz's properties, the PTAB acknowledged the county's reliance on the Department of Revenue's "Guideline on Primary Use Provisions of Farm Definition,"[1] but noted that the guideline is advisory.

The Board of Review appealed the PTAB decision with respect to both properties to the circuit court. The court found that the PTAB's classification and assessments of the properties as farmland were not against the manifest weight of the evidence, and the Board of Review appealed. We consolidate the appeals and now affirm.

## II. ANALYSIS

■ Under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)), judicial review extends to all questions of law and

---

[1]Under the advisory guideline, the primary use of a parcel containing conventional farm and residential uses is presumptively residential unless the farmed portion is larger than the residential portion and is five acres or more. The presumption is rebuttable and can be overcome by providing evidence that the primary use of the parcel is not residential. The guideline is "to supplement assessors' judgement and experience, and provide advice and direction to assessors for determining whether a parcel with both farm and residential uses is used primarily for residential purposes." Guideline on Primary Use Provisions of Farm Definition (1994).

fact presented by the record. *Illini Country Club v. Property Tax Appeal Board*, 263 Ill. App. 3d 410, 416, 635 N.E.2d 1347, 1353 (1994). An agency's findings on questions of law, such as the interpretation of a statute, are not binding on the courts. When a question of law is presented below, the reviewing court considers the question *de novo*. *Illini Country Club*, 263 Ill. App. 3d at 416, 635 N.E.2d at 1353. However, the agency's findings of fact will not be disturbed on review unless they are against the manifest weight of the evidence. *Illini Country Club*, 263 Ill. App. 3d at 417, 635 N.E.2d at 1353.

■ *McLean County Board of Review v. Property Tax Appeal Board*, 286 Ill. App. 3d 1076, 1081, 678 N.E.2d 313, 317 (1997), explains that section 1—60 of the Property Tax Code governs the classification of the parcels at issue:

"Farm. When used in connection with valuing land and buildings for an agricultural use, any property used solely for the growing and harvesting of crops; for the feeding, breeding and management of livestock; for dairying or for any other agricultural or horticultural use or combination thereof; including, but not limited to, hay, grain, fruit ***. The dwellings and parcels of property on which farm dwellings are immediately situated shall be assessed as a part of the farm. *** For purposes of this Code, 'farm' does not include property which is primarily used for residential purposes even though some farm products may be grown or farm animals bred or fed on the property incidental to its primary use." 35 ILCS 200/ 1—60 (West 1994).

Were the subject three-acre properties used solely for the growing and harvesting of crops such that the properties fall within the statutory definition of "farm"? The definition of a farm is "very broad." *McLean County Board of Review*, 286 Ill. App. 3d at 1081, 678 N.E.2d at 317. For tax assessment purposes, our court has concluded that the present use of the land determines whether it receives agricultural or nonagricultural valuation. *Santa Fe Land Improvement Co. v. Property Tax Appeal Board of the Department of Local Government Affairs*, 113 Ill. App. 3d 872, 875, 448 N.E.2d 3, 6 (1983). A parcel of property may properly be classified as partially farmland, provided those portions of property so classified are used solely for the growing and harvesting of crops. *Santa Fe*, 113 Ill. App. 3d at 875, 448 N.E.2d at 6. Our court further concluded that lands that were currently being farmed and that had been used as farmland for many years and that had not been "improved" were used solely for the growing and harvesting of crops. *Santa Fe*, 113 Ill. App. 3d at 876, 448 N.E.2d at 6. Accordingly, our court concluded that where the property was used solely for the growing and harvesting of crops, it also was devoted *primarily* to the rais-

ing and harvesting of crops. *Santa Fe*, 113 Ill. App. 3d at 876, 448 N.E.2d at 6. The dissent's interpretation of "primary" use of the land ignores our prior holding and would, instead, effectuate the Department of Revenue's advisory guidelines, which we reject.[2]

■ Here, the PTAB found the land at issue: (1) was previously assessed as farmland; (2) had been used solely for the purpose of growing crops for many years; (3) had not changed in use since the last assessment; and (4) had land surrounding it that was currently being farmed.

When these unrebutted facts are judged in accordance with the proper standard of review, this court concludes that the PTAB decisions classifying the parcels as farmland for tax purposes were not against the manifest weight of the evidence.

Nevertheless, the Board of Review maintains that the PTAB erred as a matter of law when it failed to determine that the subject properties, as a *whole*, were primarily used for residential purposes.[3] A plain reading of the governing statute shows that the definition of farm does not require that property classification be based on the primary use of the parcel as a *whole*. Rather, property that is used solely for the growing and harvesting of crops is properly classified as farmland, even if that farmland is part of a parcel that has other uses. *Santa Fe Land Improvement Co.*, 113 Ill. App. 3d at 875, 448 N.E.2d at 6.

Accordingly, we conclude that the PTAB decisions when judged in

---

[2]See *infra* note 3.

[3]We reject the Board of Review's argument that a court should grant deference to the Department of Revenue's admittedly *advisory* guideline. The PTAB acknowledged the Board of Review's reliance on the guideline for arguing that the primary use of the property was residential, but it recognized that the guideline is advisory only. Subsequently, the PTAB concluded that the three-acre farmed portions of the properties at issue were entitled to a farmland classification.

Section 1—60 of the Property Tax Code provides the method which determines whether property is to be assessed at an agricultural or residential valuation, and it governs the classification of the parcels at issue. *McLean County Board of Review*, 286 Ill. App. 3d at 1081, 678 N.E.2d at 317; *Santa Fe Land Improvement Co.*, 113 Ill. App. 3d at 874, 448 N.E.2d at 5. Accordingly, we conclude the Board of Review's contention that we should grant deference to the Department of Revenue's advisory guideline must be rejected because the power to enact a change in the method for determination of property classification for tax purposes lies solely with the state legislature. *Kennedy Brothers, Inc. v. Property Tax Appeal Board*, 158 Ill. App. 3d 154, 162, 510 N.E.2d 1275, 1281 (1987).

accordance with the proper standard of review, were not erroneous and, thus, we affirm.

## III. CONCLUSION

In sum, we conclude that the PTAB did not err in reversing the Board of Review and conclude that (1) the three-acre portions of the Kolesar and Stuparitz five-acre properties were used solely for farming purposes, and (2) after so determining, the three-acre portions were entitled to a farmland classification and assessment.

Affirmed.

JUSTICE HOLDRIDGE, P.J., concurs.

JUSTICE LYTTON, dissenting:

Although the majority quotes the statutory definition of a "farm," it fails to apply this definition to either case on appeal. Instead, it focuses on the sufficiency of the PTAB's factual findings and the legal impact of the Department of Revenue's guidelines. This cursory analysis ignores the primary issue: whether the PTAB properly applied the language of the statute.

The statute defines a "farm" as "any property used solely for the growing and harvesting of crops." 35 ILCS 200/1—60 (West 1998). The statute then clarifies this definition by stating:

"For purposes of this Code, 'farm' does not include property which is primarily used for residential purposes even though some farm products may be grown or farm animals bred or fed on the property incidental to its primary use." 35 ILCS 200/1—60 (West 1994).

The majority completely fails to address this portion of the statute.

Whenever possible, courts must construe statutes so that no part is rendered a nullity. See *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397, 634 N.E.2d 712, 714 (1994). In this case, the plain language of the statute states that the primary use of a property is not altered by its incidental use for growing farm products or raising farm animals. The necessary implication of the majority's reasoning would render this provision a nullity by making any portion of a property used for crops or farm animals divisible from the remainder of the property, and, thus, classified and assessable separately as farmland.[4] This eliminates the need for the remaining statutory language

[4]The majority seeks to justify this result by citing *Santa Fe Land Improvement Co. v. Illinois Property Tax Appeal Board of the Department of Local Government Affairs*, 113 Ill. App. 3d 872, 448 N.E.2d 3 (1983). *Santa Fe* is inapposite. That case dealt with combined *industrial* and farm uses. The stat-

concerning incidental farm uses. It also leads the majority to oversimplify the necessary statutory analysis, condensing a two-step process into a single step. Using the majority's analysis, all properties, regardless of their primary use, would be divided into the portions used for farm and nonfarm purposes and assessed accordingly. This construction is not consistent with the plain language of the statute.

Furthermore, this construction requires the court to apply two different meanings to the word "property." Under the majority's reasoning, "property" must refer to both the entire parcel owned by a taxpayer and to the individual sections classified as residential and nonresidential. Such a potential duality of meaning is not supported by the language of the statute for all properties which have some farm use.

A proper construction of the statute requires: (1) finding the primary use of the property to be assessed; (2) if this use is residential, then any incidental use of part of the land for farm purposes does not alter its overall classification as residential for purposes of tax assessment; and (3) if the primary use is not residential, the property may be divided into residential and nonresidential components.

This interpretation effectuates the whole statute and is consistent with the advisory guidelines, which state:

> "The primary use of a parcel containing only conventional farm and residential uses is residential unless the conventionally farmed portion of the parcel *** is larger than the residential portion *** and [the conventionally farmed portion] is not less than 5 acres in area."

A court must first consider whether the primary use of the properties as a whole in the instant case is residential. The evidence shows that the Kolesars lived on their property, but Stuparitz did not. Thus, the Kolesars' use of the property is primarily residential, but Stuparitz's use is not. Because of these factual differences, the analysis differs for each party. The Kolesars' entire property must be classified and assessed as residential because the incidental use of a portion of the land does not qualify it as a "farm." Stuparitz's property, however, is not primarily used for residential purposes. Under the statute, the portion of the property devoted to farm use should be classified and assessed as farmland, with the remaining portion treated as residential property.

Because the PTAB failed to apply the proper analysis in either

---

ute and the facts of this case apply to *residential* and farm uses. 35 ILCS 200/1—60 (West 1994). The majority has not reconciled the facts of this case with the above-quoted statutory language.

case, I would set aside its ruling in the Kolesar case and confirm the result in the Stuparitz case, although on different grounds.