Docket No. 3040529, Senachwine Club v. Putnum County Board of Review

 No. 3--04--0529

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2005 

SENACHWINE CLUB, ) Appeal from the Circuit Court

 ) of the 10th Judicial Circuit,

Plaintiff-Appellant, ) Putnam County, Illinois

 )

v. ) No. 03--MR--11

 ) 

PUTNAM COUNTY BOARD OF REVIEW  ) 

and the STATE OF ILLINOIS  ) 

PROPERTY TAX APPEAL BOARD,  ) Honorable

 ) Scott A. Shore

Defendants-Appellees. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

_________________________________________________________________

Plaintiff Senachwine Club (the Club) appeals from an order of the circuit court of Putnam County affirming the administrative determination of the Illinois Property Tax Appeal Board (PTAB) denying the Club’s request to change the assessment classification of several parcels of land it owned in Putnam County from residential (recreational) to agricultural.  Because we conclude that PTAB did not err, we affirm.

The sole issue on appeal is whether the plaintiff’s property should be classified as agricultural for property tax purposes.  Section 1--60 of the Illinois Property Tax Code governs the classification of the parcels at issue:  

"Farm.  When used in connection with valuing land and buildings for an agricultural use, any property 
used solely for the growing and harvesting of crops
; for the feeding, breeding and management of livestock; for dairying or any other agricultural or horticultural use of combination thereof; including but not limited to, hay, grain, fruit * * *.  The dwellings and parcels of property on which farm dwellings are immediately situated shall be assessed as a part of the farm. * * * For purposes of this Code, ‘farm’ does not include property which is primarily used for residential purposes even though some farm products may be grown or farm animals bred or fed on the property incidental to its primary use."  (Emphasis added).  35 ILCS 200/1--60 (West 1994).

Thus, only parcels used "solely for the growing and harvesting of crops" are entitled to an agricultural assessment.
(footnote: 1)  Parcels used primarily for any other purpose are not entitled to agricultural assessment.  Further, it is the present use of the land that determines whether it receives agricultural or nonagricultural valuation.  
Santa Fe Land Improvement Co. v. PTAB
, 113 Ill. App. 3d 872, 875 (1983). A parcel of land may be classified as farmland even if that parcel is part of a parcel that has other uses, so long as the parcel at issue is used solely for the growing and harvesting of crops.  
Kankakee County Board of Review v. PTAB
, 305 Ill. App. 3d 799, 803 (1999).  Additionally, multiple uses of a parcel may be made so long as the uses are not inconsistent with and are incidental to the primary purpose.  
McLean County Board of Review v. PTAB
, 286 Ill. App. 3d 1076, 1078 (1997).  

This court reviews decisions of the PTAB, not the decision of the circuit court.  
Metropolitan Airport Authority v. PTAB
, 307 Ill. App. 3d 52, 55 (1999).  As in other administrative review actions, the PTAB’s factual findings are deemed 
prima
 
facie
 true and correct and will not be disturbed unless they are contrary to the manifest weight of the evidence.  
National City Bank of Michigan/Illinois v. PTAB
, 331 Ill. App. 3d 1038, 1042 (2002). How the land at issue is used is a question of fact.  
McLean
, 286 Ill. App. 3d at 1081. 

Here, PTAB determined that the parcels in question were not used solely for the growing and harvesting of crops, but were, in fact, used primarily for the hunting of ducks.  The question before this court is whether the land usage determination by PTAB was supported by the manifest weight of the evidence.  We find that PTAB’s determination was supported by the manifest weight of the evidence.  

The parties herein are familiar with the record, and we see no need to recite in great detail the evidence presented by the PTAB hearing officer.  The evidence established that the Club planted crops on approximately 115 acres on several parcels at issue in the instant matter.  Specifically, the Club planted corn, buckwheat and sudax in the two years prior to the assessment year in question.  The Club maintains that the planting of these crops leads to the conclusion that the property at issue is agricultural.  However, the record is quite clear that the Club’s purpose in planting those crops was to facilitate the hunting of ducks, not "the growing and harvesting of crops."  Testimony established that the crops planted were specially selected for their attractiveness to ducks.  Rather than harvest these crops, the Club either allowed the crops to remain in the field or intentionally flooded the crop area in order to provide a constant source of food, habitat and cover to attract and hold ducks, which thereby facilitated duck hunting.    

Based upon this evidence, PTAB determined that the primary purpose of the parcels at issue was 
not
 "the growing and harvesting of crops" but rather was the hunting of ducks.  The manifest weight of the record evidence amply supports the PTAB’s conclusion.

The Club argues, nonetheless, that PTAB’s decision is contrary to law.  PTAB’s conclusions of law are subject to 
de
 
novo
 review.  
Metropolitan Airport
, 307 Ill. App. 3d at 55.  We find that PTAB’s decision was not contrary to law.    

The Club maintains that PTAB failed to consider certain Department of Revenue guidelines when determining whether to assess the property at issue as agricultural.  It argued that our supreme court’s holding in 
O’Connor v. A&P Enterprises
, 81 Ill.2d 260, 269 (1980), somehow mandates a finding in its favor in the instant matter.  We disagree.  First, 
O’Connor
 does not mandate a different result here.  Rather, the court therein merely noted that Department guidelines were available to personnel attempting to apply the statutory definition of farmland.  
O’Connor
, 81 Ill.2d at 269.  Second, we find nothing in PTAB’s finding herein to be in conflict with the guidelines, which in relevant part merely note that land planted with cover crops or land where crops go unharvested may still be assessed as agricultural, if the land was used solely for the planting and harvesting of crops.  Here, the fact that crops were planted but not harvested was not the reason the land was non-agricultural.  The land was non-agricultural because its primary purpose was duck hunting.  

The Club also maintains that PTAB’s decision is contrary to the law articulated in 
Santa Fe Land Impovement
.  Again, we disagree.  
Santa Fe Land Impovement
 stands for the proposition that it is the use of the real property that determines if the property is to be given an agricultural assessment.  
Santa Fe Land Improvement
, 113 Ill. App. 3d at 874.  Here, PTAB looked at the use of the property and determined, based upon the evidence, that the use of the property was duck hunting, not agriculture.  We see no improper interpretation of the law.  

Next, the Club maintains that PTAB’s decision was contrary to the law articulated in 
Kankakee County Board of Review
.  Again, we disagree.  
Kankakee County Board of Review
 stands for the proposition that a parcel of land may be classified as farmland provided that those portions of the property so classified are used solely for the growing of and harvesting of crops, even if the farm is part of a parcel that has other uses.  
Kankakee County Board of Review
, 305 Ill. App. 3d at 802.  PTAB’s decision herein is consistent with 
Kankakee County Board of Review
.  Simply put, PTAB found that the primary purpose of 
all
 the land at issue was duck hunting.  As such, it did not need to consider whether certain parts of the property had agricultural uses and other parts had other uses.  Since there clearly was only one primary use for all the property, we see no error.  

Finally, the Club maintains that PTAB’s decision was contrary to the law articulated in 
McLean County Board of Review
.  Again, we find no error of law.  
McLean County Board of Review
 stands for the proposition that multiple uses may be made of the property so long as the uses are not inconsistent with the primary agricultural purpose.  
McLean County Board of Review
, 286 Ill. App. 3d at 1079.  Again, PTAB found that there was only one use for the property at issue -- duck hunting.  This was not a case where there were multiple uses for the property and PTAB was called upon to determine whether one of the uses was inconsistent with an agricultural use.  Here, the facts supported PTAB’s conclusion that the 
only
 use of the property was duck hunting.  All activities maintained upon the property were to support and facilitate that one purpose -- the hunting of ducks.  We find no error at law in PTAB’s decision.     

We find no error in fact or law in PTAB’s decision.  The record clearly establishes that the primary purpose for which the parcels at issue were used, indeed the primary or sole purpose of all assets of the Senachwine Club, was the hunting of ducks.  Everything the Club had, everything it maintained, every action it took, every decision it made, was for one single purpose -- ducks; the attracting of ducks, the holding of ducks, the hunting of ducks.  Despite the Club’s protests to the contrary, here it can truly be said -- if it walks like a duck and quacks like a duck, it’s a duck.  

For the foregoing reasons, the judgment of the circuit court of Illinois Property Tax Appeal Board is affirmed.

Affirmed.

LYTTON and MCDADE, JJ., concur.

FOOTNOTES
1:  While the statute provides alternative criteria for determining whether property is properly assessed as agricultural, 
i
.
e
., feeding, breeding and management of livestock, etc.,  the only question in the instant matter is whether the land at issue was used solely for the growing and harvesting of crops.